**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
Attorney for Plaintiff

ASHLEY M. WILLIAMS
Arizona Bar No. 030233
ashleyw@phillipslaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Edward Pratt, a single man,<br><br>                    Plaintiff,<br><br>vs.<br><br>AH Hospice Foundation, Inc., a Tennessee Non-Profit Corporation d/b/a/ Hospice of Arizona Foundation,<br><br>                    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff alleges:

## NATURE OF THE CASE

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) &

207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

4. For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least three (3) years prior to the filing of this action, Plaintiff worked at least ten (10) to fifteen (15) hours in excess of forty (40) hours per week and was not paid time and a half.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

7. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. The named Defendant, by virtue of their own acts and omissions or by virtue of

the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

1. At all times material hereto, Plaintiffs were and continue to be residents of Maricopa County, Arizona.

2. At all times material hereto, AH American Hospice Foundation, Inc. was incorporated in the State of Tennessee.

3. AH American Hospice Foundation, Inc. operates under the registered trade name of Hospice of Arizona Foundation at 19820 N. 7th Ave, Suite 130, Phoenix, AZ 85027.

4. At all relevant times, Plaintiff and all similarly situated employees were "employees" of Defendants, as defined by 29 U.S.C. §203(e)(1).

5. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendants

6. At all relevant times, Defendants were and continues to be an employer as defined in 29 U.S.C. § 203(d).

7. At all times material to this action, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

8. Upon information and belief, at all relevant times, the annual gross revenue of Defendants exceeded $500,000.00.

**FACTUAL BACKGROUND**

9. Plaintiff was hired by Defendants in March 2011 as a non-exempt hourly paid certified nurses' aide.

10. In September 2012, Plaintiff changed positions and began working as a non-exempt hourly paid medical records clerk.

11. As a medical records clerk, Plaintiff performed general secretary tasks, provided customer service and assisted in completely physician billing.

12. Plaintiff was paid a rate of $13.50 per hour for both positions.

13. Plaintiff was a non-exempt medical records clerk.

14. Plaintiff was not a manager.

15. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

16. From September 1, 2012 to present, Defendants failed to properly compensate Plaintiff for his overtime hours.

17. During this time, Plaintiff routinely worked approximately fifty-two (52) to fifty-five (55) hours per week.

18. Plaintiff submitted timesheets, however, was only allowed to write twenty (20) hours of overtime per year on his timesheets.

19. Defendants were aware Plaintiff was working in excess of forty (40) hours per week.

20. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates

and amounts required by the FLSA were/was willful.

21. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

22. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C. to represent his in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

23. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

24. While employed by Defendant, Plaintiff consistently and regularly worked multiple hours of overtime a week.

25. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

26. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages not receiving compensation in accordance with § 207 of the FLSA.

27. Under 29 U.S.C. §216 Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

28. In addition to the amount of unpaid wages owed to Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

29. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

30. Defendants have not made a good faith effort to comply with the FLSA.

31. Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to his for all of his time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work for Defendants;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

    e. Awarding Plaintiff's pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiff's post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**DECLARTORY JUDGMENT**

32. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth

herein.

33. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

34. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

35. Plaintiff may obtain declaratory relief.

36. Defendant employed Plaintiff.

37. Defendant is an enterprise covered by the FLSA.

38. Plaintiff is individually covered by the FLSA.

39. On certain occasions, Plaintiffs was not compensated at a rate of at least minimum wage for work performed for Defendants.

40. Plaintiffs is to overtime wages pursuant to 29 U.S.C. §207.

41. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

42. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

43. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

44. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

45. The declaratory judgment action further terminates and affords relief from

uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

  a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

  b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

  c. For Plaintiff's costs incurred in this action.

  d. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  June 21, 2013      Respectfully submitted,

             **PHILLIPS DAYES LAW GROUP PC**

              /s/ Ashley M. Williams    .
             Ashley M. Williams
             ashleyw@phillipsdayeslaw.com
             Attorney for Plaintiffs